## BIG SAVAGE REFRACTORIES CORPORATION ET AL. *v.* GEARY

[No. 116, October Term, 1955.]

*Decided March 14, 1956.*

The cause was argued before BRUNE, C. J., and DELA-PLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*Philip T. McCusker, Special Attorney,* with whom were *C. Ferdinand Sybert, Attorney General, U. Theodore Hayes, Assistant Special Attorney,* and *Thomas B. Finan* on the brief, for the appellants.

*Milton Gerson* for the appellee.

COLLINS, J., delivered the opinion of the Court.

This is an appeal from a judgment of the Circuit Court for Allegany County affirming the award of the State Industrial Accident Commission, (the Commission), in favor of the claimant, appellee, Raymond Geary, and against Big Savage Refractories Corporation, employer, and State Accident Fund, insurer, appellants.

The appellee, fifty-two years of age, worked for twenty-nine years until September 16, 1954, in the clay mines which in recent years have been operated by Big Savage Refractories Corporation, appellant. In doing the type of

work assigned to him, he came in contact with dust. Between August 19, 1952, and September, 1954, he consulted Dr. Rothstein of Frostburg, Maryland, many times claiming shortness of breath and dizziness. Upon a visit to Dr. Rothstein on August 18, 1954, when he complained of the same symptoms, the doctor had an x-ray examination made by the County Health Department. As a result of that examination, on August 20, 1954, the Deputy State and County Health Officer made the following report: "Diffuse, slightly nodular fibrosis throughout both lungs. Diagnosis: Silicosis. Recommendations: Re-x-ray in 6 months." On September 11, 1954, the claimant was again x-rayed by Doctors Rathbone and Cawley, who made the following report: "X-ray stereoscopic examination of the chest shows increased fibrosis throughout both lungs and some early attempts at nodulation in the left lower lobe. Silicosis is a definite possibility from the x-ray studies." On September 21, 1954, an electrocardiogram of the appellee was taken by Doctor Weisman at Doctor Rothstein's direction. Dr. Weisman made the following report of that examination: "There is suspicious evidence of myocardial damage due to coronary insufficiency. Conclusion: Borderline electrocardiogram suspicious of heart disease."

The appellee ceased work on September 16, 1954, and on the same day filed his claim for Workmen's Compensation. In this claim for compensation he stated that he then had silicosis and was permanently disabled. A hearing on that claim was held before the Medical Board on December 15, 1954. At that hearing the claimant testified that in 1948 and 1949, while working for the same company, he fell down the steps and hit his head. As a result he had an operation for a blood clot on the brain and was unable to work for thirteen weeks. He further testified that on account of shortness of breath and weakness he could not work. When asked if he could do anything around the house, he answered that he could do nothing except to prepare food and wash dishes. As soon as he tried to walk any distance he became "out of wind"

and weak. Dr. Rothstein testified as to the tests given the claimant and that as a result of those tests he was of the opinion that the claimant was suffering from silicosis to the extent that he was unable to work and that he did not feel that the major cause of dyspnea was in the circulatory system. The aforementioned reports of the Health Officer and the aforementioned reports of Doctors Rathbone, Cawley and Weisman were also offered in evidence before the Medical Board.

On February 15, 1955, the Medical Board, after reviewing the medical reports, x-rays and medical testimony made the following findings: "The x-ray films submitted in this case have been reviewed by the Medical Board and interpreted as follows: Film 14149, 8/19/54, taken by Allegany County Health Department, shows increase in the peribronchial markings about both lungs without any definite tendency to nodulation. Cardiovascular structures appear normal. Stereoscopic films C2870R, taken at Memorial Hospital, Cumberland, September 11, 1954, disclose increase in peribronchial markings and also some interstitial fibrosis but no definite evidence of nodulation. The x-ray evidence is not sufficient to justify a diagnosis of silicosis. Nevertheless, in view of the interstitial fibrosis, the possibility of early silicosis is not excluded. Although the x-rays examined by the Medical Board in this case indicate that the possibility of early silicosis in this man's lungs is not to be excluded, it is not felt by the Medical Board that these very minimal silicotic x-ray findings are the cause of this man's disability. It appears that there is a cardiac disease present which is more likely the cause of disablement. Therefore, because of the insignificant, but demonstrable evidence of silicosis, the Medical Board feels that the claimant is entitled to compensation in the amount of $1,000 in accordance with Section 24(b) of the Workmen's Compensation Law." Heart trouble is not an occupational disease.

On February 17, 1955, the claimant, appellee, requested the Commission to review the findings and decision of the Medical Board. No additional testimony was taken

before the Commission but oral argument was heard on April 1, 1955. The Commission on May 3, 1955, made the following findings: "After due consideration of all the evidence and facts in the case, the Commission has concluded to affirm the decision of the Medical Board on the first issue and finds that the claimant contracted an occupational disease, silicosis, within the meaning and terms of the Occupational Disease Law. The Commission further finds that as a result of such occupational disease the claimant is permanently totally disabled from performing his work in the last occupation in which he was injuriously exposed to the hazards of silicosis and will allow compensation for such disability beginning September 17, 1954, in accordance with the provisions of the Workmen's Compensation Law of Maryland. The average weekly wage is $55.52." It awarded the claimant, appellee, $35.00 per week, not to exceed the sum of $12,500.00.

From that award the employer and insurer, appellants, appealed to the Circuit Court for Allegany County. The only issue presented to the trial court was: "Did the State Industrial Accident Commission err in overruling the decision of the Medical Board on the question of the extent of the disability of the Claimant?" The trial court answered this issue in the negative and affirmed the award made by the Commission. From that award the appellants appeal here.

The case of *Bethlehem-Sparrows Point Shipyard, Inc. v. Bishop*, 189 Md. 147, 55 A. 2d 507, involved an occupational disease under the Workmen's Compensation Act. That case was decided November 3, 1947. At that time it was provided by Code, 1947 Supplement, Article 101, Section 29, in part that the Commission on review "* * * shall review the proceedings, findings and report of the Medical Board, and upon the record thus made shall render its decision or award upon all issues referred to the Medical Board." In that case this Court decided that under Code, 1947 Supplement, Article 101, Section 29, *supra*, then in effect, the Commission had power to

review the findings of the Medical Board on medical questions and that the Commission might reverse the Medical Board even though there was substantial evidence to support that Board's findings. Based on the same statute, the same finding was made in *Consolidated Coal Co. v. Porter*, 192 Md. 494, 499, 64 A. 2d 715.

In *Gower v. Davis Coal & Coke Co.*, 197 Md. 52, 78 A. 2d 195, decided January 10, 1951, this Court held that an employee entirely unable to work in the occupation in which he acquired silicosis was entitled to total disability even though he could earn as much or perhaps more in some other occupation. Apparently as a result of the decision in the *Gower* case, *supra*, the Legislature enacted Chapter 290, Section 24, of the Acts of 1951, Code, 1951, Article 101, Section 23(b), which provided: "* * * that if an employee has demonstrable evidence of silicosis, asbestosis or other pulmonary dust disease and his capacity for work has thereby been impaired to an extent not amounting to total permanent disability, compensation shall be payable in the amount of $1,000.00, * * *." This act was still in effect on April 1, 1955, and on May 3, 1955, when the hearing in the instant case was held before the Commission and when its award was made.

By Chapter 287, of the Acts of 1951, the former act, Code, 1947 Supp., Article 101, Section 29, *supra*, was repealed and re-enacted as Code, 1951, Article 101, Section 28, with the amendment that "* * * the findings of the Medical Board upon all medical questions shall be presumed to be correct and such findings shall not be set aside or reversed if there is legally sufficient evidence in the record to support such findings." This act was still in effect on April 1, 1955, and on May 3, 1955, when the hearing in the instant case was held before the Commission and when its award was made.

Therefore, at the time of the hearing before the Commission and at the time of its award, under the Workmen's Compensation Act then in effect, Code, 1951, Article 101, Section 28, *supra*, the findings of the Medical Board upon all medical questions were presumed to be

correct and such findings could not be set aside or reversed by the Commission if there was legally sufficient evidence in the record to support the findings of the Medical Board. If the employee had demonstrable evidence of silicosis and his capacity for work had thereby been impaired to an extent not amounting to total permanent disability, compensation was payable in the amount of $1,000.00.

Code, 1951, Article 101, Section 57, covering appeals from the Commission to the courts, in effect at the time of the hearings before the Board and the court, provides: "* * * the Court shall determine whether the Commission has justly considered all the facts concerning the injury, whether it has exceeded the powers granted it by the Article, and whether it has misconstrued the law and facts applicable in the case decided. If the Court shall determine that the Commission has acted within its powers and has correctly construed the law and facts, the decision of the Commission shall be confirmed; otherwise it shall be reversed or modified. * * * Provided, however, that in all appeals in which occupational diseases are involved, the findings of fact by the State Industrial Accident Commission shall be final and not subject to review or modification by the Court or be submitted to a jury. The proceedings in every such an appeal shall be informal and summary, but full opportunity to be heard shall be had before judgment is pronounced."

The case of *Johnstown Coal & Coke Co. v. Dishong,* 198 Md. 467, 84 A. 2d 847, involved a claim for Workmen's Compensation for permanent total disability resulting from silicosis arising out of and in the course of the employment. It was there said: "While the Workmen's Compensation Act directs that findings of fact by the Commission in any case involving an occupational disease are final and cannot be set aside, reversed or modified on appeal, this provision cannot override the basic principle that the Legislature cannot divest the courts of their inherent power to review the actions of administrative agencies which are illegal, arbitrary, or unreasonable and

which impair personal or property rights. There is an implied limitation upon the authority of the State Industrial Accident Commission that its findings shall be supported by legally sufficient evidence, for a finding unsupported by any evidence is beyond the power of an administrative agency as a denial of due process of law. *Heaps v. Cobb,* 185 Md. 372, 379, 380, 45 A. 2d 73. As this Court, speaking through Judge Offutt, said in *Moore v. Clarke,* 171 Md. 39, 45, 187 A. 887, 890, 107 A. L. R. 924, 929, whether there is evidence legally sufficient to support the decision of the Industrial Accident Commission in any case is necessarily a question of law to be decided by the court. The decision of the Commission, under the authority conferred upon it by statute in cases involving occupational diseases, is conclusive in the field of inferences from evidentiary facts, unless it appears that there is no reasonable basis for its conclusions and therefore the decision exceeds its power. *Van Domelon v. Town of Vanden Broeck,* 212 Wis. 22, 249 N. W. 60, 92 A. L. R. 501. * * * This general rule is applied when decisions of the State Industrial Accident Commission are challenged in the courts. It applies with particular force in this case, where the Commission based its decision upon the findings of the Medical Board." The opinion further pointed out that the courts have no authority to set aside an award of the Commission merely because the court might weigh or appraise the evidence differently. Where the findings of the Commission are supported by inferences fairly drawn from the evidence, and even though that evidence might be susceptible of opposing inferences, the court should not reject those findings. *Harvey Coal Corporation v. Pappas,* 230 Ky. 108, 18 S. W. 2d 958, 73 A. L. R. 473; *Hartford Accident & Indemnity Co. v. Industrial Accident Commission of California,* 202 Cal. 688, 262 P. 309, 58 A. L. R. 1392.

Therefore, the question before this Court is whether the findings of the Commission should be affirmed or reversed, the Commission being governed by the rule that the findings of the Medical Board upon all medical questions were

presumed to be correct and that the Commission could not reverse the Medical Board if there was legally sufficient evidence in the record to support the findings of that Board. The question, therefore, resolves itself as to whether there was legally sufficient evidence in the record to support the findings of the Medical Board. If so, the Commission was bound thereby.

Code, 1951, Article 101, Section 26, which applies to the appointment of the Medical Board, provides that it shall consist of three licensed physicians in good professional standing appointed by the Governor with the advice and consent of the Senate from a list of nominees submitted by the Deans of the Medical Departments of the University of Maryland and of the Johns Hopkins University and by the Council of the Medical and Chirurgical Faculty of Maryland, two of whom should be especially experienced in occupational diseases, and one of whom should be an experienced roentgenologist. The Legislature therefore sought to make certain that the members of the Medical Board were experts on occupational diseases. *Johnstown Coal & Coke Co. v. Dishong, supra,* 475.

The Medical Board, in addition to its expert findings that the possibility of early silicosis was not to be excluded and that the silicotic findings were not the cause of the appellee's disability, found that the cardiac disease present was the most likely cause of disability. These expert findings by the Medical Board were supported by the report of Dr. Weisman, claimant's own physician, who stated that there was suspicious evidence of myocardial damage due to coronary insufficiency and that there was suspicion of heart disease.

Therefore, there was legally sufficient evidence in the record to support the findings of the Medical Board. Therefore, under Chapter 287 of the Acts of 1951, Code, 1951, Article 101, Section 28, *supra,* then in effect, the findings of the Medical Board upon the medical questions was binding on the Commission and should not have been set aside. We must, therefore, reverse the

372

order of the Commission and remand the case for an order from the Commission affirming the action of the Medical Board. Code, 1951, Article 101, Section 57, *supra.*

By Chapter 82 of the Acts of 1955, effective June 1, 1955, Code, 1951, Article 101, Section 28, *supra,* was again repealed and re-enacted to read that "* * * the State Industrial Accident Commission shall review the proceedings, findings and report of the Medical Board, and upon the record thus made shall render its decision or award upon all issues referred to the Medical Board, * * *." Therefore, since June 1, 1955, as to the question here involved, the law is the same as it was at the time of the findings in the cases of *Bethlehem-Sparrows Point Shipyard, Inc. v. Bishop, supra,* and *Consolidated Coal Co. v. Porter, supra,* that the Commission might reverse the Medical Board even though there was substantial evidence to support that Board's findings. The learned trial judge in the instant case decided that Chapter 82, of the Acts of 1955, *supra,* effective June 1, 1955, governed the action of the Commission in this case. However, the review of the court is limited to a review of the evidence before the Commission based upon the law in effect at that time. Chapter 82, of the Acts of 1955, *supra,* in no way changed the scope of review by the courts or provided for a new hearing. It in no way governed the review by the Commission on May 3, 1955, when it passed its order because it was not in effect at that time. That review was controlled by Code, 1951, Article 101, Section 28, *supra.*

*Order reversed, with costs, and case remanded for passage of an order by the State Industrial Accident Commission affirming the findings of the Medical Board.*