## MARTIN MARIETTA CORPORATION
### ET AL. *v.* LEIUS

[No. 102, September Term, 1964.]

*Decided January 4, 1965.*

The cause was argued before PRESCOTT, C. J., and HAMMOND, HORNEY, MARBURY and SYBERT, JJ.

*Alfred M. Porth,* with whom was *Robert E. Cadigan* on the brief, for the appellants.

*Alexander Stark,* with whom was *Benjamin K. Sugar* on the brief, for the appellee.

HAMMOND, J., delivered the opinion of the Court.

The Medical Board for Occupational Diseases found that the appellee, Jacqueline Leius, had suffered an occupational disease, dermatitis, resulting in a permanent partial disability to the extent of five per cent loss of use of each hand. The Compensation Commission held that Mrs. Leius had not sustained an occupational disease and, on appeal, Judge Cardin, sitting without a jury, reversed the Commission and reinstated the finding of the Medical Board.

The claimant argued below and argues here that the constant use, in the course of her work, of a special ink which was part of a duplicating and copying process, and of a detergent to re-

move the ink from her hands, produced the dermatitis. The employer and insurer contend, first, that Mrs. Leius' dermatitis was not a compensable condition because she had not met the burden a claimant has, under Code (1957), Art. 101, Sec. 23 (c), and decisions of this Court, such as *Mutual Chemical Co. v. Thurston*, 222 Md. 86, of showing that it was characteristic of and peculiar to her employment, and, second, that even if the dermatitis could be said to be an occupational disease there was legally sufficient evidence to support the finding of the Commission to the contrary and, therefore, the lower court, on appeal, could not substitute its judgment for that of the administrative body.

We shall assume, without deciding, that the claimant's dermatitis could properly have been found to be an occupational disease, since we think there was legally sufficient evidence before the Commission to support its finding that Mrs. Leius did not, as a fact, sustain an occupational disease arising out of and in the course of her employment and, this being so, the action of the lower court, in reversing that finding, was impermissible.

Under the law as it now is and was before June 1, 1951, the finding and report of the Medical Board is subject to review by the Commission, and "finality, in so far as the legislature can make final the decision of an administrative tribunal, attaches to the decision of the Commission, not to the decision of the Medical Board." *Bethlehem-Sparrows Point Shipyard, Inc. v. Bishop,* 189 Md. 147, 154. Between June 1, 1951, and June 1, 1955, the Legislature gave almost complete finality to the finding of the Medical Board by providing (in Sec. 28 of Art. 101 of the Code of 1951) that upon review by the Commission "* * * the findings of the Medical Board upon all medical questions shall be presumed to be correct and such findings shall not be set aside or reversed if there is legally sufficient evidence in the record to support such findings." But, as was said in *Duncan v. McNitt Coal Co.,* 212 Md. 386, 395, as to the ultimate power of the Compensation Commission in occupational disease cases before June 1, 1951, and after June 1, 1955: "* * * it is clearly the decision of the Commission, not of the Medical Board, which is now under review."

It is established that when, as now, the ultimate decision

is confided to the Commission, its determination is final and is not to be reversed by the courts if there was before it evidence legally sufficient to support that determination, even though a contrary finding reasonably could have been made and even if the reviewing court, had the choice been its to make, would have made it. *Duncan v. McNitt Coal Co., supra; Mutual Chemical Co. v. Thurston, supra.* In *Thurston* we said (pp. 94-95 of 222 Md.) :

> "We are not required, however, to determine whether the Board and Commission arrived at the correct conclusion or whether we would arrive at a different one. *Duncan v. McNitt Coal Co.,* 212 Md. 386, 129 A. 2d 523 (1957). Nor is it the function of this Court to pass upon the weight of the evidence or resolve the conflicts in the testimony of the expert medical witnesses. *Bethlehem-Sparrows Point Shipyard, Inc. v. Bishop,* 189 Md. 147, 55 A. 2d 507 (1947). Indeed, the statute specifically provides that 'in all appeals in which occupational diseases are involved, the findings of fact by the Commission shall be final and not subject to review or modification by the court.' Art. 101, *supra,* sec. 56 (a). This does not mean— since the sufficiency of evidence is a matter of law— that the Commission's findings are not subject to review if they are not supported by the evidence produced. *Duncan v. McNitt Coal Co., supra.* But it does mean that our review is limited to the question whether there was 'some evidence or legally sufficient evidence' to support the findings of the Commission that the claimant had sustained a compensable occupational disease. *Beechwood Coal Co. v. Lucas,* 215 Md. 248, 137 A. 2d 680 (1958)."

In the case before us there was conflicting testimony, lay and medical. The Commission evidently chose to believe and rely on the opinion of an experienced and recognized medical expert on diseases of the skin, arrived at after several examinations and careful tests, that Mrs. Leius' working conditions and undertakings did not cause the dermatitis from which she suf-

fered. The Legislature and this Court have said that the Commission may accept such competent and credible testimony as legally sufficient and that if it does, its decision is not to be reversed by the courts on appeal.

The order of the Baltimore City Court appealed from must be reversed and the order of the Commission disallowing Mrs. Leius compensation reinstated.

> *Order reversed, with costs, and order of the Compensation Commission reinstated.*