MARYLAND BUREAU OF MINES, ET AL. *v.* POWERS

[No. 388, September Term, 1969.]

*Decided June 4, 1970.*

380

The cause was argued before HAMMOND, C. J., and McWILLIAMS, SINGLEY, SMITH and DIGGES, JJ.

*Charles R. Goldsborough, Jr., Assistant Special Attorney*, with whom were *Francis B. Burch, Attorney General*, and *J. Howard Holzer, Special Attorney*, on the brief, for appellants.

No brief filed on behalf of appellee.

DIGGES, J., delivered the opinion of the Court.

The Circuit Court for Allegany County (Getty, J.) entered a judgment for appellee Frank T. Powers awarding him compensation for permanent partial disability caused by an occupational disease (silicosis). This judgment reversed the decision of the Workmen's Compensation Commission. The Bureau of Mines of the State of Maryland as employer and the State Accident Fund as insurer appealed.

The only testimony before any of the tribunals in question was that of the appellee, Frank T. Powers. His testimony summarized reveals the following: He began working as a coal miner in 1900 at the age of thirteen. In 1918 he commenced employment with the State of Maryland, having been appointed an inspector of coal mines by Governor Harrington. In 1922 the Bureau of Mines of the State of Maryland was created and the claimant continued his duties as mine inspector under the authority of that body. His duties consisted of checking Maryland mines from the viewpoint of safety and in-

volved his being "all over the mines in every place, six days a week." In 1949 appellee was appointed Director of the Bureau of Mines. This was primarily an administrative job, and involved his actually entering the mines very little. His visits to the mines were primarily on the occasions of disaster. He did not attempt to estimate how often these would occur. In 1957 appellee was hospitalized for two weeks. The reason for the hospitalization was pneumonia, and appellee stated he had no silicosis at that time. On December 31, 1962 the appellee, then seventy-five years of age, retired from the Bureau of Mines, performing all his duties in a satisfactory manner until his retirement, so far as the record shows.

Although he was supposed to retire at age seventy, appellee apparently received special dispensation to stay on until he was seventy-five. He retired at that time because he "decided it was long enough" and because the Bureau wanted to employ somebody else. Appellee specifically stated he did not retire because of any disability.

In 1967 appellee learned as a result of an X-ray taken at a mobile unit that he had silicosis, and promptly filed for compensation under the occupational disease sections of the Workmen's Compensation Act. As provided in those sections, Code (1957, 1964 Repl. Vol.) Article 101, sections 27, 28, a hearing was held before the Medical Board composed of three licensed physicians, two of whom were specialists in industrial diseases and one a specialist in roentgenology. The Medical Board following his testimony found as fact that he did have silicosis, but found also that he did not contract the disease in the employ of the Bureau of Mines, and that he was not disabled. Under section 29 of Article 101 appellee filed for review of these findings by the Workmen's Compensation Commission. Although twenty-one issues were considered before the Medical Board, the Commission reviewed and answered only three: 1) Was the disease actually incurred in the employment of the Bureau of Mines? No. 2) If the claimant contracted an occupational disease is his claim barred by the statute of limitations as stated in

Article 101, section 26? Yes. 3) Was the claimant exposed to the hazards of silicosis during the sixty day period referred to in section 23 (b) of Article 101? No.

Appellee then appealed the Commission's decision to the circuit court. Appellants submitted a motion for summary judgment. The trial court after reviewing the record decided the Commission's findings were unsupported by legally sufficient evidence on the first two issues, and irrelevant to the instant case on the third. The court concluded appellee was partially disabled within the meaning of Code (1957, 1964 Repl. Vol.) Article 101, section 24 and awarded him the $1,000 sum fixed under that section before the 1967 amendment.[1] Appellee had not presented a motion for summary judgment on his own behalf, but the court as authorized by Maryland Rule 610 d (2) entered judgment against the moving party (appellee). Although entry of the judgment was procedurally proper, we conclude the legal basis for the entry did not exist, and it must be reversed.

In the ordinary workmen's compensation appeal to the circuit court, section 56 of Article 101 makes it clear the court has broad powers of review over the decision of the Commission. This review extends both to findings of fact and applicable law, although the decision of the Commission is entitled to prima facie correctness. We have held this section provides for a trial which is essentially de novo. *Abell v. Goetze, Inc.*, 245 Md. 433, 226 A. 2d 253 (1967). However, this same section 56 provides "that in all appeals in which occupational diseases are involved, the findings of fact by the Commission shall be final and not subject to review or modification by the court or be submitted to a jury." The same prohibition on review of facts is expressed in section 29 of Article 101. The intent of these provisions is to finalize the determinations of the administrative body which the legislature has

---

1. The appellee listed the date of his disablement as December 31, 1962. Presumably this was the basis for awarding compensation under the old section 24. The amended section 24 (effective June 1, 1967) provides for apportioned awards in permanent partial disability cases with a ceiling of $12,500.

deemed most qualified to make medical and other factual conclusions in these types of cases. Note, 13 Md. L. Rev. 337 (1953). The legislative judgment as to where finality should rest has fluctuated; between 1951 and 1955 the findings of the Medical Board were by statute presumed to be correct, and unreviewable if supported by legally sufficient evidence. *Big Savage Ref. Corp. v. Geary,* 209 Md. 362, 121 A. 2d 212 (1956). Except for this period, finality has been vested in the Commission's findings from the time occupational diseases were first included in the coverage of Article 101 in 1939 until the present time. This means the pre-1951 law on the subject and the post-1955 law are the same. *Martin Marietta v. Leius,* 237 Md. 217, 205 A. 2d 792 (1965); *Beth. Spar. Pt. Shipyard v. Bishop,* 189 Md. 147, 55 A. 2d 507 (1947).

In spite of the unqualified language of section 56 the findings of the Commission are not totally insulated from review by the court. We have recognized that a finding of the Commission may be reversed when it is based on an erroneous conception of the applicable law. *Gower v. Davis Coal & Coke Co.,* 197 Md. 52, 78 A. 2d 195 (1951). Utilizing this principle our decisions have extended the power of review to the factual field because we have held "[n]otwithstanding the finality which these statutes seek to confer upon such findings of the Commission, they are subject to review if not supported by substantial or legally sufficient evidence (both terms being found in the cases), and the existence of such evidence is a question of law." *Duncan v. McNitt Coal Co.,* 212 Md. 386, 129 A. 2d 523 (1957); *Johnstown Coal & Coke Co. v. Dishong,* 198 Md. 467, 84 A. 2d 847 (1951).

In the instant case Judge Getty found it unsupportable that the Medical Board and Commission could conclude that Powers' silicosis was not incurred in the employment of the Bureau of Mines, because silicosis is unquestionably an occupational disease and the Bureau was Powers' only employer for the last forty-four years. This finding would necessarily mean that the claimant contracted the disease either before 1918 when he went to

work for the Bureau, or after 1962 when he retired. After his retirement there is practically no evidence of claimant's exposure to the hazards of silica dust.

The Medical Board and the Commission had before them evidence that claimant's exposure to the hazards of silica dust was minimal after 1949; that no disability from the disease was apparent during the entire term of claimant's employment including a five year extension beyond normal retirement; and that at the time of his hospitalization for pneumonia in 1957 the claimant stated "he knew he didn't have it [silicosis] then" (whether X-rays were taken at the time of the hospitalization was uncertain). Although simple layman's logic would seem to indicate that the Circuit Court for Allegany County is more accurate than the Commission, we find the above evidence was legally sufficient to support the Commission's finding that it was not incurred during that employment. The reason for giving finality to the Commission's findings is that they and the Medical Board are able to employ precisely the sort of specialized knowledge that is not available to laymen or judges. It is clear the burden is on claimant to show that he comes within the provisions of the statute. Failure to show the occupational disease was "actually incurred in his employment" (section 23 (d)) precludes claimant from the benefits under the act. *Martin Marietta Corp. v. Leius, supra; Mutual Chemical Co. v. Thurston*, 222 Md. 86, 158 A. 2d 899 (1960). We think the words of Judge Finan in *General Electric v. Cannella*, 249 Md. 122, 133, 238 A. 2d 891 (1968) are equally appropriate in the instant case: "We cannot agree with the construction placed on the Commission's findings by the lower court, without ignoring the finality that should be accorded such findings where supported by legally sufficient evidence and without doing violence to the clear language of Section 24 (b) of the statute."

Our determination here is alone sufficient to block the claimed benefits, so that it becomes unnecessary to rule on the two remaining issues. We do desire to comment, however, that despite the explicit admonitions against in-

adequate and unclear findings in *General Electric v. Cannella, supra* at 132-33, and *Beechwood Coal Co. v. Lucas,* 215 Md. 248, 258, 137 A. 2d 680 (1958) the truncated findings of the Commission leave much to be desired. The transcript of testimony before the Medical Board may well suffice to support purely factual findings by the Commission. Where legal questions are involved as in the statute of limitations, statements that a claim is barred without any expressed basis for that conclusion make review of such statements by the courts, even though they be entitled to make one, *Gower v. Davis Coal & Coke,* 197 Md. 52, 78 A. 2d 195 (1951), a pointless and frustrating exercise. Judge Getty chose to characterize the decision on limitations as unsupported by the facts. Without approving or condemning this action we note it is a risk the Commission took by failing to list any facts leading to its decision.

With our determination that the facts as found by the Commission are conclusive, there existed no genuine dispute of material facts, and it was error for the trial court to grant a summary judgment for appellee, and fail to grant it for appellant.

> *Summary judgment in favor of appellee reversed. Proceedings remanded with direction to reinstate order of compensation commission. Appellee to pay the costs.*