ABC DAY CARE CENTER, INC., ET AL. *v.* HATTIE R.
L. BROWNE, Mother, on Behalf of Gregory
E. Browne and Mildred Browne

[No. 452, September Term, 1972.]

*Decided April 9, 1973.*

The cause was argued before THOMPSON, POWERS and MENCHINE, JJ.

*John F. Ward* for appellants.

*Armand I. Robinson* for appellees.

MENCHINE, J., delivered the opinion of the Court.

Edwin W. Browne, an employee of ABC Day Care Center, Inc., sustained an accidental injury arising out of and in the course of his employment on June 22, 1970. Death resulted therefrom on the same day. Two minor children, Gregory E. Browne and Mildred Browne, who at the time of his injury and death were nine and seven years of age respectively, survived him. The mother of the two minor children (former wife of the decedent) filed a claim in their behalf with the Workmen's Compensation Commission. The Commission passed its order, finding that the children were totally dependent upon the decedent for support, and awarded the benefits provided by law to persons in such status.

On appeal to the Circuit Court for Montgomery County by the employer and insurer, the issue of the extent of dependency was submitted to the court, without a jury, on the record evidence before the Workmen's Compensation Commission; a part of a deposition of Hattie R. L. Browne (the mother and former wife) and an answer to certain interrogatories filed in the cause. The trial judge affirmed the decision of the Workmen's Compensation Commission that the minor children were totally dependent upon their deceased father for support, but stated in his memorandum that he did so because "the Court accepts and adopts the argument in the claimant's memorandum in support of the Workmen's Compensation Commission Award." That memorandum

asserted, and the appellees-claimants have continued to contend here, that the function of the court below was to determine whether the evidence before the Commission was legally sufficient to support the finding of the Commission.

Both below and in this Court the appellees-claimants relied upon *Zentz v. Peters & Taylor, Inc.*, 11 Md. App. 1, as supporting their position. It is plain to us that *Zentz* is not susceptible to that interpretation. Many cases have dealt with the nature of the trial court's role in the consideration of appeals from the Workmen's Compensation Commission. An accurate and succinct summation of those cases is found in § 4-25 (2), *Workmen's Compensation in Maryland* [Pressman], wherein it is said:

## "(2) BURDEN OF PERSUASION ONLY.

Even though the decision of the Commission is presumed to be correct and the burden is upon the party attacking the decision, it is not necessarily a burden of additional proof. It means that if the mind of the trier of facts or the minds of the jury are in equal balance on the evidence, the finding of the Commission should be affirmed. If the appellant can convince the trier of facts (even if tried on the Record) that the Commission erred in interpreting the facts, he has met the burden of proof. *Moore v. Clarke*, 171 Md. 39 (1936); *Williams Constr. Co. v. Bohlen*, 189 Md. 576 (1948); *Brooks v. Bethlehem Steel Co.*, 199 Md. 29 (1952); *Paul Constr. Co. v. Powell*, 200 Md. 168 (1952); *Greenwalt v. Brauns Bldg. Specialties Corp.*, 203 Md. 313 (1953); *Smith v. State Roads Comm'n*, 240 Md. 525 (1965); *Blake Constr. Co. v. Wells*, 245 Md. 282 (1967); *Abell v. Goetze, Inc.*, 245 Md. 433 (1967); *Ackerhalt v. Hanline Bros., Inc.*, 253 Md. 13 (1969); *Sica v.*

*Retail Credit Co.,* 245 Md. 606 (1967); *Simmons v. B & E Landscaping Co.,* 256 Md. 13 (1969)."

The cases cited by *Pressman, supra,* fully and completely support the text.

Appellees' brief has accurately quoted this Court's language on page 8 of *Zentz, supra:*

"We think there was evidence legally sufficient to support that determination. The ultimate decision is confided to the Commission and '* * * its determination is final and is not to be reversed by the courts if there was before it evidence legally sufficient to support that determination, even though a contrary finding reasonably could have been made and even if the reviewing court, had the choice been its to make, would have made it.' *Martin Marietta Corporation et al. v. Leius,* 237 Md. 217, 220."

This statement, however, is lifted out of context. By incorporating within it the quotation from *Martin Marietta,* the citation aptly stated the rule controlling the course to be followed by an appellate body charged with the duty and obligation of examining the *legal sufficiency* of the evidence, (that was the role of the *trial court* in *Martin Marietta,*[1] and that was the role of this

---

1. In occupational disease cases the Workmen's Compensation Commission, by Legislative fiat, is made the *final trier of facts.* Article 101, Section 29 provides for review by the Commission of the "proceedings, *findings* and report of the medical board. That portion of appeals Section 56 that relates to occupational diseases authorizes further appeal to the circuit courts of the counties or the law courts of Baltimore City but also provides that in such appeals "the findings of fact by the Commission shall be final and not subject to review or modification by the court." In interpreting the effect of those statutory provisions, it was said in *Duncan v. McNitt Coal Co.,* 212 Md. 386, 402:

"That [Workmen's Compensation Commission] is the body to which the determination of the facts as to occupational diseases has been committed (so far as possible) by the Legislature, and the power of the courts to review such findings is definitely limited, as we have already noted. It is proper to vest primary responsibility for the

Court in *Zentz*.) *Zentz* was not intended to declare and must not be interpreted as declaring, that the same rule controls an appellate body, charged with the duty and obligation of considering the *weight and effect of the evidence*. The latter status properly was the role of the court below.

In accidental injury cases, Article 101, Section 56 expressly charges the trial court (or jury) hearing an appeal from the Workmen's Compensation Commission, with the duty and obligation to *"determine whether the Commission has justly considered all the facts concerning the injury"* but to do so in the light of the section's additional demand that "the decision of the Commission shall be prima facie correct and the burden of proof shall be upon the party attacking the same."

The most recent declaration of the legal principle arising from those statutory provisions is to be found in *Simmons v. B & E Landscaping Co.*, 256 Md. 13, wherein it was said at page 18:

> "The Workmen's Compensation Commission had ruled favorably to the contentions of Mrs. Simmons. It is true, as she here contends, that Code (1964 Repl. Vol.) Art. 101, § 56 (c) provides that the decision of the Commission is prima facie correct and the burden of proof is upon the party attacking it. However, as Judge McWilliams said for the Court in *Blake Const. v. Wells*, 245 Md. 282, 225 A. 2d 857 (1967):
>> 'This means nothing more than that, if the mind of the trier of facts is in equal balance on the evidence in the

determination of such facts in an administrative body. See *Crowell v. Benson*, 285 U. S. 22, 46-47; *Scherr v. Braun*, 211 Md. 553, 128 A. 2d 388; *Burke v. Fidelity Trust Co.*, 202 Md. 178, 96 A. 2d 254, and cases therein cited. The question before us is not whether we should have arrived at the same conclusion on the same evidence, but whether the evidence was sufficient to sustain the conclusion of the Commission."

The rule of law distinctly is otherwise in accidental injury cases as the text of this opinion demonstrates.

record, the finding of the Commission should be affirmed. *Greenwalt v. Brauns Bldg. Specialties Corp.*, 203 Md. 313, 318, 100 A. 2d 804 (1953).' *Id.* at 286-87."

The trial court applied an improper legal standard to the evidence presented and made no factual determination as to the weight and effect of the evidence.

It is true that the memorandum of the trial court stated: *"There is no dispute as to the facts upon which the Commission made its finding, only its conclusion."* The record shows, however, that the facts and the inferences to be drawn therefrom were indeed in conflict.

There was testimony from which a trier of fact could conclude that the father had contributed $120.00 monthly for the support of the children (sometimes more); that in addition, from time to time, he bought clothing and paid for amusements and other activities of the children; that he had partial custody of the children on Friday, Saturday and Sunday, with the costs incident thereto being borne by him; and that the family continued to reside in the jointly owned home following the divorce.

The record further shows the following testimony by the mother:

"Q Do you have any idea roughly what it costs per month to raise the children?
A For me to raise my children it costs well over $125.00 a month for food, activities, and maybe going to the doctor, things like that, the cleaning of clothes."

Such evidence, if believed, would be consistent with a finding of total dependency, *i.e.* that the children subsisted entirely on the earnings of the deceased workman. *Knibb v. Jackson*, 210 Md. 292.

The record, however, also showed that the mother had been employed for fifteen years; earned $135.00 a week;

and at one point in her testimony had said: "Frankly, it took more than [sic] of my money to take care of the children than it did of his." Such evidence, if believed, would be inconsistent with a finding of total dependency, *i.e.* it would establish that the mother's contributions were a consequential source or means of maintenance and compel a finding of partial dependency only. *Toadvine v. Luffman,* 14 Md. App. 333.

> *Reversed and remanded for a new trial.*
> *Costs to abide final result.*