Keirle and Walker *vs.* Shriver.—1841.

M. J. KEIRLE AND J. W. WALKER, ADM'R OF J. W. KEIRLE, *vs.* THOMAS SHRIVER.—*June,* 1841.

In an action at law by two plaintiffs, upon the death of one, the action proceeds in the name of the survivor, and it is error to make the administrator of the deceased plaintiff a party.

But if the administrator be thus made a party at his own request, it is not error, which he can urge upon appeal.

A verdict upon an insufficient count, or which finds a fact, which disaffirms the plaintiff's right to recover, or when it omits to find a material issue joined in the cause, may be made the subject of a motion in arrest.

A plaintiff cannot complain upon appeal, that the county court upon the motion in arrest of the defendant, set the verdict aside, and left the plaintiff at liberty to proceed with a *venire de novo.*

A judgment upon a motion in arrest should declare that the defendant go thereof without day.

Where the county court decided that the verdict be set aside, this court dismissed the appeal of the plaintiff, the judgment not being final.

APPEAL from *Allegany* County Court.

This was an action of *assumpsit,* commenced on the 18th March 1837, by *John W. Keirle* and *Matthew J. Keirle,* trading under the firm of *John W. Keirle & Son,* assignees of *John Barnard,* against the appellee. The defendant pleaded *non assumpsit* and limitations, to which there were issues, replication and issues. At the trial of the cause there was a verdict for the plaintiff, and the defendant moved in arrest of judgment. Pending this motion, the death of *John W. Keirle* was suggested, and *John W. Walker,* as his administrator, appeared with *Matthew J. Keirle,* to insist on judgment. Upon the hearing of the motion, the court considered that the said *Matthew J. Keirle,* surviving partner of *John W. Keirle & Son,* and *John W. Walker,* take nothing against the said *Thomas Shriver* of and upon the verdict aforesaid found, and that the said verdict be set aside; upon which the said *Matthew and John,* administrator, appealed to this court.

The cause was argued before STEPHEN, ARCHER, DORSEY, CHAMBERS, and SPENCE, J.

By PRICE for the appellants, and

By F. A. SCHLEY for the appellee.

SPENCE, J., delivered the opinion of the court.

The court below erred in permitting the administrator of *John W. Keirle* to be made a party to the suit; it should after the death was suggested have been prosecuted in the name of the surviving partner, but of such appearance and the judgment rendered, the administrator has no right to complain. The appearance was entered at his instance; he was entitled to no judgment against the appellee; and consequently, he has sustained no such injury from the judgment of the county court, as would entitle him to its reversal by this court.

The judgment below was liable to arrest on more grounds than one. The verdict was not only liable to objections on the ground that it was founded on a count in the declaration, insufficient in law to warrant any judgment thereon, but it found a fact which did not entitle the plaintiff to a judgment, even if the declaration had been unexceptionable.

There were issues joined upon the pleas of limitations, on which the jury omitted to make any finding. Until these issues were found for the plaintiffs, they were entitled to no judgment against the defendant, if he did promise in manner and form, &c., as found by the jury. That the judgment must be arrested on account of the jury finding but part of the matters in issue, see *Gould's Plds.* 522.

There is error also in the judgment, because it adjudges, that the verdict be set aside, which places the case in the same situation as if no verdict had been rendered, and a *venire de novo* is the necessary consequence. Of the effects of this error so beneficial to the plaintiffs, surely they have no right to complain.

If all the preceding objections to the judgment below were removed, as to the judgment of the court on the motion in arrest, it is defective on another ground. If rendered for the defendant, as it was designed manifestly to be, it should have awarded, that he go thereof without day, &c., the omission to do which, left the case still pending in the county court: by this defect in the judgment, the appellants certainly are not aggrieved.

The judgment of the county court not being a final deter-
mination of the matters in controversy, or of the cause therein
pending, the appeal to this court has been prematurely taken,
and must therefore be dismissed, that such further proceedings
in the cause may be had in the court below, as the nature of
the case may require.                    APPEAL DISMISSED.