OTIS S. LLOYD ᴇᴛ ᴀʟ. *v.* JOHN W. WEBSTER.
[No. 43, October Term, 1933.]

*Decided December 6th, 1933.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, DIGGES, PARKE, and SLOAN, JJ.

*A. Everett Williams,* with whom were *Miles, Bailey & Williams* on the brief, for the appellants.

*Long & Johnson,* submitting on brief, for the appellee.

BOND, C. J., delivered the opinion of the Court.

The Workmen's Compensation Act (Code, art. 101, sec. 36, as amended by Acts 1931, ch. 363) provides that compensation may be allowed for a hernia following an accidental injury only when it shall be proved that "such injury was reported to the employer within forty-eight hours next following its occurrence," and this case presents a question whether compensation may be awarded to an employee who is suffering from a hernia, and who had a previous accidental strain to which he attributes the hernia, but who did not within forty-eight hours after the accident report to his employer that it had occurred. A claim of the appellee under these circumstances was disallowed by the State Industrial Accident Commission, but, on appeal below, the circuit court refused to direct a verdict for the employer, and a jury found for the claimant, answering "Yes" to an issue whether the claimant had reported to his employer "the alleged injury within forty-eight hours next following the occurrence." All testimony was that there had been no report made of the alleged accidental strain within forty-eight hours of its occurrence, and the dispute is on the identity of the occurrence from which the limitation is to run—from the accidental strain, or from a later development or discovery of the hernia?

According to testimony of the claimant, while loading heavy timber on a truck, on March 1st, 1932, he stumbled and dropped his end of a piece being carried, and then felt a pain and burning in his side. Not until eight days later, on March 9th, did he report to any one outside of his household that he had any injury, and then he discussed the con-

dition with his physician, whom he met on the road, and was told that the indications were that there was a hernia. On March 19th the physician examined the condition, and either on that day or the next, that is, within forty-eight hours after the examination, a report was made to the employer. Formal report was not made until March 30th.

The full provision of section 36 of the act, as amended by chapter 363 of the Acts of 1931, is that:

"In all claims for compensation for hernia, compensation may be allowed only upon definite proof to the satisfaction of the Commission:

"First. That there was an accidental injury causing hernia, arising out of and in the course of the employee's employment.

"Second. That the hernia appeared suddenly.

"Third. That it was accompanied by pain.

"Fourth. That the hernia immediately followed such injury.

"Fifth. That the hernia did not exist prior to the injury for which compensation is claimed.

"Sixth. That, anything in this Act respecting notice to the contrary notwithstanding, such injury was reported to the employer within forty-eight (48) hours next following its occurrence."

These special requirements in the Maryland statute are similar to those previously adopted in a number of other states, to gain greater assurance that hernias compensated for have in fact resulted from accidental strains. The general provisions of the compensation statutes, it appears, had seemed to work unsatisfactorily, because previous accidental strains were sometimes inferred merely from the development of the hernias, when no strains had been reported or known. Occurrence of a strain would of course, be a fact peculiarly within the knowledge of the workman, and there could be no means of testing the truth of attribution of the hernias to strains if no strains had been reported at the time. Further, medical testimony had cast considerable doubt on the possibility of traumatic cause of hernias. The require-

ments of notice in other states differ. Some of them are that notice of the accident or "injury" must be given immediately, and this has caused dispute on the meaning of "immediately," but the Maryland statute has avoided that dispute by fixing the time at forty-eight hours. *O'Brien v. Wise & Upson Co.,* 108 Conn. 309, 316, 143 A. 155; *Young v. Louisiana Highway Commn.,* 11 La. App. 388, 121 So. 627; *Meade v. Wisconsin M. M. Co.,* 168 Wis. 250, 169 N. W. 619; *McCarthy v. Sawyer-Goodman Co.,* 194 Wis. 198, 215 N. W. 824.

This court construes the Maryland statute as intended to restrict compensation for hernia to accidents noticed and reported at or about the time of their occurrence. Throughout the requirements quoted, the accidental injury from which the time for reporting is to run is distinguished from the hernia attributed to it. There must have been "an accidental injury causing hernia," the hernia must have followed the injury immediately, and it must not have existed prior to the injury; and it is the injury thus contemplated as having preceded the hernia immediately which must have been reported to the employer within the time stated after its occurrence. It is argued here, as in some of the cases elsewhere, that a requirement that the cause of a hernia be reported before the hernia may have been observed is so unreasonable that it cannot be supposed that the Legislature intended it; but even apart from the apparent meaning of the words used in the statute, the reported experience elsewhere, and the adoption of similar measures for that purpose, would prevent our regarding the intention as unlikely. It is more than probable that the Maryland requirements have been modeled on those of other jurisdictions with the same object in mind.

As the present claimant did not make the report required upon this construction, the refusal of the trial court to direct the jury's answer as prayed was error.

> *Judgment reversed, and the decision of the State Industrial Accident Commission disallowing the appellee's claim affirmed, with costs to the appellant.*