# RICHARDSON v. HOME MUTUAL LIFE INSUR-ANCE COMPANY ET AL.

[No. 369, September Term, 1963.]

*Decided June 9, 1964.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, HORNEY and MARBURY, JJ.

*Weldon Leroy Maddox* for the appellant.

*A. Douglas Owens* and *Eugene A. Edgett, Jr.,* with whom was *Gilbert A. Hoffman* on the brief, for the appellees.

HAMMOND, J., delivered the opinion of the Court.

Appellant, a workman injured on the job, applied for compensation and on May 15, 1962, the Workmen's Compensation Commission found that he had

> "sustained a permanent partial disability under 'Other Cases' amounting to 80% industrial loss of use of his body as a result of the injury to his back, spine, pelvis, hips and legs, on December 27, 1960; and finds on the fourth issue that 20% of such disability is reasonably attributable to the accidental injury on December 27, 1960, and 40% thereof is due to a preexisting disease and 20% thereof is due to physical conditions unrelated to the aforesaid accidental injury,"

and ordered that compensation for temporary total disability terminate on May 1, 1961, and payments for permanent partial disability at the rate of $25.00 a week be made, beginning May 2, 1961, not to exceed the total of $2,500.

On June 13, 1962, the appellant entered an appeal to the Superior Court of Baltimore City and, pursuant to Md. Rule B2 e, filed a petition setting forth "the action appealed from, the

error committed by the agency in taking such action, and the relief sought * * *." The petition alleged that the Commission erred on the facts and the law in failing to find that the petitioner sustained (a) "a permanent disability" in excess of 80% industrial loss and (b) "a permanent total disability," and stated that the petitioner "has taken an appeal in order to have this case tried de novo before a court and jury to determine the nature and extent of permanent disability * * *."

The jury, answering two issues, found that although the appellant was 100% disabled none of the disability was attributable to the accident.

To us the appellant argues earnestly that on appeal from the Commission the trial court could try only the issue or issues raised by the appealing party, and, in the absence of an appeal or cross-appeal by the other party, cannot try any issue sought to be raised by it. The product of this argument is the claim that because the employer did not appeal, the claimant has a vested interest in the award to him by the Commission of 20% permanent partial disability attributable to the accident and that, while he can seek by appeal to raise that disability to a ceiling of 100% from a floor of 20%, it cannot be lowered.

There is strong indication that this contention is unsound. Md. Rules B1 through B12 govern the procedural aspects of appeals from the Commission to the trial court, but Code (1957), Art. 101, Sec. 56 (a), grants appeals and controls substantive rights and obligations flowing therefrom.[1] *Hensley v. Bethesda Metal Co.,* 230 Md. 556. Sec. 56 (a) provides that "[a]ny employer, employee, beneficiary or person feeling aggrieved by any decision of the Commission" may have the decision reviewed by a geographically appropriate common law court "and the court shall determine whether the Commission has justly considered all the facts concerning the injury, whether it has exceeded the powers granted it by the article, and whether

---

1. Sec. 56 (a) of Art. 101 was last repealed and reenacted as to its substantive aspects—in order to make certain that the procedural provisions of Md. Rules B1 through B12 would be applicable to appeals from the Commission—by Ch. 342 of the Laws of 1963.

it has misconstrued the law and facts applicable in the case decided." The section goes on to say "[u]pon the hearing of such an appeal the court shall, upon motion of either party filed with the clerk of the court according to the practice in civil cases, submit to a jury any question of fact involved in such case * * *." The proceedings are directed to be informal and summary.

Although the statute does not use the term, its directions would seem to contemplate a trial which essentially is de novo (as the appeal of the appellant seemed to recognize). *Schemmel v. Gatch & Sons etc. Co.,* 164 Md. 671, 674; 6 Md. L. Rev. 316, 321. Rule B43 of the Rules of the Supreme Bench of Baltimore City (which does not conflict with any of Md. Rules B1 through B12 which are silent on the subject) requires the appellant in a compensation appeal to submit proposed issues within fifteen days after the filing of the record, and then provides: "Within thirty days after the record is filed, the appellee shall file his proposed issues, and any exceptions to issues proposed by the appellant; and the appellant shall have fifteen days after the filing of the appellee's proposed issues within which to file exceptions thereto."

The cases at least suggest that the appellant is wrong in his contention and that the lower court did not err in submitting the employer's issues as to the existence and extent of disability to the jury, inasmuch as that was one of the questions as to which there was evidence before the Commission. *Beth. Shipyard v. Damasiewicz,* 187 Md. 474, 483; *Jackson v. Beth.-Spar. Pt. Shipyard,* 189 Md. 583, 589; *Cabell Con. Blk. Co. v. Yarborough,* 192 Md. 360, 369; *Albert F. Goetze, Inc. v. Pistorio,* 201 Md. 152.

We need not, and do not, decide the point, because it is not properly before us in this case. The record makes it clear that the appellant did not adequately make or preserve objections to the issues on which the case went to trial or to the submission to the jury of the question of the extent of disability and its relation to the industrial accident.

The employer filed its issues on July 17, 1962, and the claimant filed his the following day. Each filed exceptions to the issues proposed by the other. Judge Byrnes sustained all excep-

tions with leave to each to file amended issues. On December 26, 1962, the employer's slightly amended issues were filed. No exception to these amended issues was taken by the appellant. At the conclusion of the testimony the appellant in chambers offered a prayer which sought an instruction that the jury must answer the issues so as to find that at least 20% permanent partial disability was attributable to the industrial accident. Judge Harlan refused the prayer, as he did all prayers offered by both sides, and orally instructed the jury. In part he said:

"there will be four issues presented to you on paper. The first issue is: To what extent, expressed in terms of percentage, is the claimant permanently disabled resulting from an industrial loss of use of his body?

"That means as of the present time do you find that he was permanently disabled resulting in industrial loss of use of his body? If you do so find, then your answer here should be in percentage, that is to say, regardless of any reason, what is his industrial loss of use at this time?

"Second: Has the claimant sustained any permanent injury resulting in industrial loss of use of his body as a result of an accidental injury of December 27, 1960?

"The evidence in the case that you have heard, of course, is that on December 27, 1960 he fell and sustained a fracture of his ankle, so that that is what we are talking about when we are talking about permanent injury resulting in industrial loss of use of his body as a result of the accidental injury of December 27, 1960.

"If your answer to the second issue is no, you need not answer the following issues."

At the conclusion of the charge, Judge Harlan invited counsel for both sides to make any exceptions to the charge they desired. Counsel for the appellant replied: "No exceptions to the charge."

*Miller v. McGraw Co.*, 184 Md. 529, held that where, in a compensation appeal, an issue was not objected to until the con-

clusion of the testimony when the claimant filed a prayer asking the court not to submit the issue, the objection came too late. The Court said that then Trials Rule 7 (b), General Rules of Practice and Procedure, 1941 Code (1947 Cum. Supp.), p. 2052 (now Md. Rule 560 b), which dealt with consideration on appeal of errors claimed as to the submission of or refusal to submit issues and explanation or instruction as to issues, did not apply to issues which serve as the basis for trials in compensation appeals.[2] Compare *Baltimore Luggage Co. v. Ligon,* 208 Md. 406, which held that then Trials Rules 6 and 7 were applicable to issues selected by the trial court for submission to the jury in an action on a contract at law. In the *Miller* case, the Court equated issues in appeals from the Orphans' Court and issues sent from a court of equity to a law court for answer (the latter now having been abolished by Md. Rule 517) to issues in compensation appeals, and said:

> "In the former instance, the issues are made up in the original tribunal, while in the latter it is a function of the trial court to submit to a jury any question of fact involved. In either case, the same reason exists for giving the parties ample opportunity to consider and object to the issues well before the date of

2. Rule 7 (b) provided that:

"Upon appeal error may be assigned as to the submission of issues, or as to any explanation and instructions of the court, or as to any refusal of the court to submit issues upon demand, only in accordance with Rule 6, subsections (c) and (d) * * *."

Rule 6 (c) required a party before the jury retired to except to any instruction given or any omission therefrom or failure to instruct and to state distinctly "the portion or omission or failure to instruct to which he objects and the specific grounds of his objection."

Rule 6 (d) restricted a party on appeal to that to which he had objected in the manner prescribed by Rule 6 (c), and said: "no other errors or assignments of error in the instructions shall be considered by the Court of Appeals."

Md. Rule 560 b now contains the substance of former Trials Rule 7 (b) and Md. Rule 554 d and e the substance of former Trials Rule 6 (c) and (d).

the trial. Nowhere can there be found any support for the practice of waiting until virtually the conclusion of the case before raising any objection." (p. 538 of 184 Md.)

See also *Old v. Cooney Detective Agency,* 215 Md. 517, 521-522, and *K & G Co. v. Virginia Corp.,* 229 Md. 551, 556, which hold in effect that the failure to timely object to proposed issues is a waiver of a right later to challenge them.

The failure of the appellant timely to challenge or object to the amended issues of the employer and, in addition, to except to the charge to the jury at the time and in the manner required by Md. Rule 554 d, leaves him without standing to complain in this Court as to the submission to the jury of the question of whether any of his permanent disability was attributable to the industrial accident. Md. Rule 554 e; *Miller v. McGraw Co., supra; Old v. Cooney Detective Agency, supra; K & G Co. v. Virginia Corp., supra,* p. 557; and *Cohen v. Engel,* 229 Md. 87.

*Judgment affirmed, with costs.*