ELMA F. LOYD v. DORCHESTER BOARD OF
EDUCATION ET AL.

[No. 581, September Term, 1981.]

*Decided February 5, 1982.*

The cause was argued before GILBERT, C. J., and MOORE
and MacDANIEL, JJ.

*Joseph F. Lentz, Jr.,* with whom were *Lentz, Hooper,
Jacobs & Blevins, P.A.* on the brief, for appellant.

*J. Kent Leonnig, Assistant Attorney General,* with whom
were *Stephen H. Sachs, Attorney General,* and *John L.
Ulrich, Jr., Assistant Attorney General,* on the brief, for
appellee Subsequent Injury Fund. *Dwight C. Stone,* with

whom were *Atwater & Stone* on the brief, for appellees Employer and Insurer.

MacDANIEL, J., delivered the opinion of the Court.

Elma F. Loyd, appellant, received an award from the Workmen's Compensation Commission (Commission), which found that she was 100% disabled, that 50% of her disability was attributable to an accidental injury arising from her employment with the Dorchester Board of Education [1] (employer-insurer), appellee, that 25% was due to pre-existing conditions that were compensable, and that 25% was due to conditions which existed prior to the accident that were not compensable. Due to the award of the 25% for pre-existing conditions, the Subsequent Injury Fund [2] (appellee) became involved in this case. Appellant sought a review of the Commission's decision in the Circuit Court for Dorchester County, via a jury trial. At the conclusion of that trial, the jury found that appellant was 100% disabled, that 45% of her disability was attributable to the injury arising from her employment, that 45% was due to a compensable pre-existing condition, and that 10% was due to a non-compensable condition which existed prior to the accident.

On appeal appellant claims:

"I. The trial court below erred in refusing to grant claimant's requested instruction that the jury could not find claimant less than 50% permanently disabled as a result of her accident sustained during the course of her employment.

II. The trial court below erred in that its instructions relating to the awarding of pain and suffering tended to mislead or confuse the jury.

---

1. This case had its genesis in 1972, when appellant sustained a compensable injury while employed as a "hall monitor" in the Dorchester County Junior High School. Appellant's claim, reopened in 1978, resulted in the present award.

2. Hereinafter in this opinion "appellee" refers to the employer-insurer, unless otherwise specifically indicated.

III. The jury verdict [was] against the weight of the evidence."

I.

Convinced that the employer-insurer had committed a technical error by the nature of its plea to the appellant's petition of appeal, appellant requested that the trial court (1) not allow appellee to argue to the jury or present any evidence that appellant had received less than a 50% disability as a result of the accidental injury, and (2) instruct the jury at the conclusion of the trial that it could not award less than a 50% disability as a result of the accidental injury. The trial court acceded to appellant's first request by denying appellee the right to argue or present evidence to the jury of any diminution from the accidental injury as awarded by the Commission.[3] However, at the conclusion of the case, the trial court refused to instruct the jury that appellant could not receive less than a 50% disability from the accidental injury.

Those portions of appellant's petition on appeal and appellee's answer germane to the issue are presented below.

Appellant's petition on appeal stated, *inter alia:*

"2. That the Workmen's Compensation Commission erred in making its decision in this case as said decision is contrary to the evidence in the case and erroneous in its application of the law to the facts.

WHEREFORE, the Claimant has instituted this Appeal so that this Court may review the decision of the Commission and so that it may be determined that the Commission has not justly considered all of the facts of the case and so find that the Claimant is permanently totally disabled from the accidental injury of October 31, 1972, and her pre-existing condition."

---

**3.** Although we seriously question the correctness of this ruling, we find it unnecessary to address that issue in this appeal.

In answer to the petition, the employer-insurer stated in pertinent part:

"2. That they deny the allegations contained in paragraph #2 of the Petition.

WHEREFORE having fully answered the Petition, the employer and insurer pray that same be dismissed, with costs to the claimant."

Appellant contends that when appellee denied her allegation that "the Commission erred" it had "admitted" that the Commission was correct in finding a 50% disability and could not now argue otherwise. Appellant suggests that appellee could easily have protected its right to argue "less than 50%" by including in its answer a phrase to the effect that "the award of the commission be modified by the jury in accordance with the testimony presented."

Although the exact issue has never been decided in Maryland, we find guidance from two Court of Appeals decisions — *Richardson v. Home Mut. Life Ins. Co.,* 235 Md. 252 (1964) and *Owners' Realty Co. v. Bailey,* 153 Md. 274 (1927).

In *Richardson,* the Commission found that the claimant sustained a loss of 80% to his body, that 20% was attributable to the accidental injury, 40% was due to pre-existing disease, and 20% was due to conditions unrelated to the injury. The claimant, dissatisfied with the award of the Commission, appealed. At the conclusion of the case, the jury found that the claimant was 100% disabled, but that none of the disability was attributable to the accident. On appeal, appellant asserted that the trial court could *only* try the issue or issues raised by the appealing party and *not* any issue sought to be raised by appellee, in the absence of an appeal or cross-appeal. The concept of appellant was that because appellee did not appeal, appellant had a vested interest in the award to him by the Commission of 20% and that, while he could seek via appeal to raise the disability to a ceiling of 100% from a floor of 20%, it could not be lowered.

The Court of Appeals, while not deciding the point,[4] said:

"There is strong indication that this contention is unsound. Md. Rules B1 through B12 govern the procedural aspects of appeals from the Commission to the trial court, but Code (1957), Art. 101, Sec. 56 (a), grants appeals and controls substantive rights and obligations flowing therefrom. *Hensley v. Bethesda Metal Co.,* 230 Md. 556. Sec. 56 (a) provides that '[a]ny employer, employee, beneficiary or person feeling aggrieved by any decision of the Commission' may have the decision reviewed by a geographically appropriate common law court 'and the court shall determine whether the Commission has justly considered all the facts concerning the injury, whether it has exceeded the powers granted it by the article, and whether it has misconstrued the law and facts applicable in the case decided.' The section goes on to say "[u]pon the hearing of such an appeal the court shall, upon motion of either party filed with the clerk of the court according to the practice in civil cases, submit to a jury any question of fact involved in such case * * *.' The proceedings are directed to be informal and summary." (Footnote omitted.) 235 Md. at 254-55.

In *Bailey, supra,* the Court of Appeals said:

"There are no pleadings in the accustomed sense of that word in such cases as this, because the statute, does not authorize any, and none are needed. The proceedings before the commission, and upon appeal, are 'informal and summary' (article 101, secs. 39, 56), and are of such a character that formal pleadings have no place in them." 153 Md. at 278.

We think that the logic of *Richardson* and *Bailey, supra,* dictates that our answer to this issue follow suit.

---

4. The issue was not decided because it had not been properly preserved for appellate review.

The type of answer filed in this case would *not* entitle the petitioner to a jury instruction to the effect that the jury would be precluded from making an award different from that of the Commission. We hold that the filing of a general denial by the respondent in an appeal from a decision by the Workmen's Compensation Commission is sufficient to put the case at issue and does *not* entitle the petitioner to a jury instruction that the jury cannot award less than that awarded by the Commission.

Appellant, while not conceding, but assuming her technical argument to be without merit, has presented further argument which she contends supports a showing of error by the trial court requiring a reversal.[5]

Appellant contends that the ruling by the trial judge which limited the employer-insurer and Subsequent Injury Fund from arguing or producing evidence of diminution, misled her to the extent that she did not produce testimony she would otherwise have presented. The appellant was required to produce evidence which would show that her disability was greater than that awarded by the Commission. The ruling of the trial judge, that the employer-insurer and Subsequent Injury Fund could not argue diminution, would not relieve that burden from the appellant.

We find this argument to be without merit.

Finally, appellant claims that a careful review of the record extract reveals that appellees "agreed" to be bound by the trial court's ruling that diminution could not be argued. She contends that appellees told the jury that the Commission was correct in the 50% award.

We find, after our own independent review of the record extract, that appellant has misconstrued what was said. We find nothing in the record extract to support appellant's contention.

---

5. Appellant's contention that this appeal was not a trial "de novo" was abandoned at oral argument as well it should have been. Maryland Bureau of Mines v. Powers, 258 Md. 379 (1970); Abell v. Albert F. Goetze, 245 Md. 433 (1967); Smith v. State Rds. Comm'n, 240 Md. 525 (1965).

## II.

Appellant next alleges that the trial court's additional instruction on pain and suffering tended to mislead or confuse the jury.

Apparently the trial court had already given an instruction on pain and suffering and appellee requested and received a corrective instruction. The record extract does not contain the original instruction on pain and suffering. There is nothing for us to compare. The issue is, therefore, not properly before us.

## III.

Appellant's final contention is that the jury verdict was against the weight of the evidence.

It is well settled that the trier of fact in an appeal from the Commission is free to weigh the evidence and reach conclusions opposite from those of the Commission. *Egypt Farms v. Lepley,* 49 Md. App. 171 (1981); *Montgomery Ward Co., Inc. v. Bell,* 46 Md. App. 37 (1980).

Were we to rely on oral argument and the briefs submitted by the parties, we would hold that sufficient evidence was submitted to the jury to support their verdict. However, as the record extract did not contain all the evidence submitted to the jury, this contention is not properly before this Court for appellate review. Maryland Rule 1028.

*Judgment affirmed.*
*Appellant to pay the costs.*