# LINDA L. ALTMAN *v.* SAFEWAY STORES, INC.

[No. 138, September Term, 1982.]

*Decided October 8, 1982.*

The cause was argued before MORTON, LOWE and BISHOP, JJ.

*Barry M. Chasen,* with whom were *Ashcraft & Gerel* on the brief, for appellant.

*Robert C. Erlandson,* with whom were *Lord, Whip, Coughlan & Green, P.A.* on the brief, for appellee.

LOWE, J., delivered the opinion of the Court.

The appeal in this case was taken "from the final judgment heretofore entered in this action on December 7, 1981," in the Circuit Court for St. Mary's County. As pointed out in appellant's Statement of the Case, the judgment entered on December 7, 1981 was a judgment nisi and, according to appellant,

> "[i]t is from this judgment that Linda L. Altman appeals."

If we were rigidly to interpret the opinion of Judge Digges in *Carter v. State,* 286 Md. 649 (1979), that "the breadth of the appeal in this manner opens for review in an appellate court only the issue or issues mentioned in the requested order", *id.* at 651, we would be compelled to dismiss this appeal since the judgment appealed from was not final, *Keirle v. Shriver,* 11 G. & J. 405 (1841), because we would have no jurisdiction to proceed. *Eastgate Associates v. Apper,* 276 Md. 698, 701-702 (1976).

Prior to the opinion in *Eastgate v. Apper, supra,* we thought we may have had some discretion to overlook such

apparent procedural defects where both appellant and appellee considered the appeal valid and so treated it, *Kendall Lumber Co. v. State,* 132 Md. 93 (1918), or if it appeared that dismissal was not in the interest of justice. *Millison v. Citizens Nat'l Bank,* 256 Md. 431 (1970). But Eastgate recognized that premature appeals raised a question of jurisdiction, and neither agreement of parties may bestow absent jurisdiction, *Mayor v. Shearwater Sailing,* 265 Md. 280, 284 (1972), nor may our own efforts to act in the interest of justice do so. *Sapero & Sapero v. Bel Air Plumb.,* 41 Md. App. 251, 261 (1979).

We can, however, interpret ambiguous language in an Order for Appeal which has been filed after a final judgment has been ordered, when the judgment appealed from is adjectively depicted as "final" despite its descriptive date indicating a contrary intent. Significant, we think, is that the appeal was taken after the final judgment was entered. It is not conceivable that an appellant who files an appeal within the proper appeal period following entry of a final judgment, intended that appeal to be ineffective, despite the contradictory language in his brief. We hold that the Order for Appeal was intended from the final judgment entered December 11, 1981 and that the date "December 7, 1981" was an inconsequential oversight.

We will, therefore, address the issues in this case which deal with another question of jurisdiction, *i.e.,* the scope of review permitted a circuit court in an appeal from the Workmen's Compensation Commission. It has been addressed before in a broader context than we have at issue here, but not to our knowledge in the context of an enforced settlement when the trial of the appeal has been bypassed in favor of a settlement subsequently aborted.

Generally, a circuit court, upon an appeal from the Workmen's Compensation Commission, is jurisdictionally limited to a review of the issues raised and decided by the Commission explicitly or implicitly, and to such relevant matters on which there was evidence before the Commission. *Richardson v. Home Mutual,* 235 Md. 252, 255 (1964); *Trojan Boat Co. v. Bolton,* 11 Md. App. 665, 670 (1971). The

Court of Appeals has repeatedly so held under varying circumstances. *Saylor v. Black & Decker Mfg. Co.,* 258 Md. 605, 610-611 (1970); *Pressman v. Accident Fund,* 246 Md. 406, 415-416 (1967). *In McCulloh & Co. v. Restivo,* 152 Md. 60, 67 (1927), the jurisdictional issue was most pointedly made by the Court of Appeals when it pondered

> "how the Baltimore City Court, on appeal from an order refusing to reopen a case, could not only direct the case to be reopened, but decide the very question which under the statue the commission alone had the jurisdiction to decide in the first instance, after it had been reopened."

The same question occurs to us upon this appeal from the Circuit Court for St. Mary's County.

Linda L. Altman, appellant here, was by the Workmen's Compensation Commission, found to have sustained an accidental injury which arose out of, and in the course of, her employment. Her employer, Safeway Stores, Inc., appellee here, appealed to the Circuit Court for St. Mary's County "in an effort to secure a reversal of the decision and findings of the Commission," alleging that the Commission had

> "[1] erred in finding that the Claimant sustained an accidental personal injury arising out of and in the course of her employment on March 31, 1978, [2] erred in finding that the disability of the claimant was the result of the aforesaid accidental injury, and [3] erred in finding that the claimant was temporarily totally disabled from April 5, 1978 to the date of the award and continuing as a result of any accidental personal injury arising out of and in the course of her employment."

The circuit court's jurisdiction was limited thereby to the issues raised and decided, explicitly or implicitly by the Commission, and to other relevant matters on which there was evidence before the Commission. *Trojan Boat Co., supra* at 669-671. The statute providing a right to appeal from a Commission ruling to the circuit court, Md. Ann. Code art.

101, § 56, (1979 Repl. Vol.), authorized that court only to determine

> "whether the Commission has justly considered all the facts concerning the injury, whether it has exceeded the powers granted it by the article, and whether it has misconstrued the law and facts applicable in the case decided."

In making that determination, it is given four alternatives: 1) confirm; 2) reverse; 3) modify; or 4) remand for further proceedings. *Id.*

The right to settle the case, while permitted at "any time" after a claim is filed, is kept within the Commission's jurisdiction and is not effective or binding upon the parties unless approved by the Commission. Md. Ann. Code art. 101 § 52 (1981 Supp.).[1] The reason for that protective scrutiny "is to prevent advantage being taken of a claimant's possible ignorance of his rights or of his best interests." *Hanley v. Mulleneaux,* 192 Md. 592, 597 (1949). But whatever the purpose of the Legislature, its language is clear. The Commission has the sole original jurisdiction over settlements after a claim has been filed with the Commission.

---

1.

"At any time after a claim for compensation under this article has been filed with the Workmen's Compensation Commission by any claimant, the said claimant and/or his or her dependents may, with the approval of the Commission, enter into an agreement with the employer or insurer of such employer or with the Subsequent Injury Fund providing for a final compromise and settlement of any and all claims which the said employee or his or her dependents might then or thereafter have under the provisions of this article, upon such terms and conditions as the Commission shall, in its discretion, deem proper. Any such settlement when approved by the Commission shall be binding upon all parties thereto, and no such settlement shall be effective unless approved by the Commission. Any final compromise and settlement of a claim between the claimant or his or her dependents and the employer and insurer shall also preclude the right of the claimant or his dependents to proceed against the Subsequent Injury Fund on the claim, unless the Commission specifically orders otherwise. Upon death, any balance payable under such final compromise and settlement shall be an asset in the hands of the personal representative of the deceased party to such final compromise and settlement."

Before this case was heard by the Circuit Court for St. Mary's County, the parties postponed it, and negotiated a lump sum settlement absolving Safeway from liability for any future medical expenses. The agreement was reduced to writing after the parties and their attorneys assumed that the case was settled, and the agreement was sent to Mrs. Altman for her signature. Before signing the agreement (which was, in accordance with the statute, expressly made subject to the approval of the Commission) Mrs. Altman decided that giving up her right to future medical care was not in her best interests. She refused to sign the agreement.

Safeway moved in the circuit court to enforce the settlement. Mrs. Altman opposed that motion pointing out that the Workmen's Compensation Commission had not approved the settlement, which approval was not only a statutory prerequisite, but was a condition of the settlement negotiation. The trial judge decided to remand "this matter" to the Workmen's Compensation Commission, but on a very limited basis, *i.e.,*

> "solely for the purpose of an advisory opinion to determine whether or not the settlement agreement is fair and reasonable under the circumstances of this case and should be approved or disapproved."

He further directed that the Commission specifically state the basis of its determination and directed that, after doing so,

> "this matter will be forwarded to this Court for review."

Following a hearing pursuant to the "remand" of "this matter", the Commission Chairman entered an order finding that the Commission

> "cannot force a claimant to sign a settlement agreement even though the claimant orally agreed to a settlement."

Upon being apprised of this, the circuit court judge

indirectly informed the Commission through Safeway's counsel that, as he recalled the case, he had

> "requested an advisory opinion from WCC as to whether or not the settlement amount was fair and just; *not* whether or not they [sic] can [en]force the settlement."

The Commission issued a second order rather abruptly responding that:

> "The Commission finds on the issue presented that the answer is 'Yes' as the settlement agreement was fair and reasonable."

Based upon this answer, the trial court entered a judgment in favor of Mrs. Altman for forty thousand dollars.

The circuit court's errors which are apparent here, are: (1) the jurisdictional breadth it felt was bestowed upon it,[2] and (2) the jurisdictional string which it sought to attach to its remand to the Commission. Article 101, § 52, provides the Commission with sole jurisdictional authority to approve or decline to approve settlements. Presumably, even if the

---

**2.** In this regard the trial judge explained his view that:

"Relative to the Court having jurisdiction in this case, I certainly can't follow you on that, by any stretch of the imagination. Because after this case was appealed to the Circuit Court, the Circuit Court has jurisdiction for any issue. It not only has the jurisdiction, but it has the duty to rule and decide on any issue that may be brought forth. And, and our Appellant [sic] Courts have ruled on a number of occasions in both criminal and civil. In criminal when a case comes before the Court, say assault with intent to murder, and a plea was accepted of disorderly conduct, the [appellate] Courts have said that once the Court had jurisdiction established the Courts continue jurisdiction in the case. Same way with civil matters. If suit is filed for an amount which gives the Circuit Court jurisdiction, and later a lesser amount is approved, the Court still retains jurisdiction.

So, in the judgment of this member of the Court, the Court — this case was appealed to it, it has full jurisdiction to consider and decide any issue that may arise to conclude this case. And, that is enforcing of an agreement. Obviously, this agreement was entered into after the appeal, but that is immaterial. And, it does have the right, and the [appellate] Courts have said on a number of occasions that if that things must have an end, and the same way with this case."

Commission had fully responded to the question asked by the trial court, rather than having given the abrupt reply it gave to the "fair and reasonable" question, the settlement could not have become effective. The question asked by the court was whether the settlement was "fair and reasonable under the circumstances ... *and should be approved or disapproved,*" (emphasis added), presumably by the court itself. Assuming that the Commission had indicated that it "should be approved", the court had no jurisdiction to do so. The statute gives the authority to the Commission, not the court. If the Commission Chairman was correct initially (an issue we do not decide) that the Commission had no authority to enforce a settlement, cetainly the court would have no such authority either. In fact, as we read the statute, the court had no authority even to entertain such settlement; certainly there is no authority in the statute explicitly or implicitly for the court to force a reluctant party to participate in a settlement which the Commission had *not* approved.

Furthermore, even if the remand for settlement had been without restriction and Commission approval obtained (or denied), the court had no authority to compel a subsequent review of the Commission's action which it did by directing that:

> "Upon such determination this matter will be forwarded to this Court for review."

While the court may have had some limited authority to review approval or disapproval of a settlement upon a proper appeal and within the narrow restrictions of the statute, it has no certiorari authority to compel it.

In essence, a circuit court may not require settlement of a workmen's compensation case entered into without the approval of the Workmen's Compensation Commission; nor may it "approve", such settlement upon a recommendation by the Commission that the settlement is "fair and reasonable," and then enforce it. It must restrict its concern to the

contested issues on appeal and leave settlement approval or refusal to the Commission. Art. 101, § 52.

*Judgment reversed.*
*Case remanded to the Circuit Court for St. Mary's County for the determination of the issues properly before it.*
*Costs to be paid by appellee.*