508 A.2d 1032

**ESTEPS ELECTRICAL & PETROLEUM COMPANY, et al.**

**v.**

**Rudi Lane SAGER.**

**Nos. 1245, 1307, Sept. Term, 1985.**

Court of Special Appeals of Maryland.

May 20, 1986.

650

Paul D. Raschke (Eugene I. Kane, Jr. and Jordan Coyne Savits & Lopata on brief), Rockville, for appellants.

Kenneth M. Berman (Ashcraft & Gerel on brief), Rockville, for appellee.

Argued before WILNER, BISHOP and ROBERT M. BELL, JJ.

ROBERT M. BELL, Judge.

Rudi L. Sager, appellee, filed two hernia claims with the Workmen's Compensation Commission. The first, claim # A–946620 (case one), filed by appellee pro se on September 10, 1984, alleged that he sustained a hernia on the job on August 29, 1984. The claim form indicated a consideration date[1] of October 8, 1984. The second, # A–948852, (case two), filed by appellee's counsel on September 20, 1984, alleged a hernia injury occurring on August 23, 1984. The consideration date with respect to that claim was October 26, 1984.

Esteps Electrical and Petroleum Company, appellant, did not file any issues in connection with case two and, al-

---

1. Pursuant to rules promulgated by the Commission, the "consideration date" is that date of which all parties are notified in the claim form on which the Commission will proceed to decide the claim, without hearing, by considering only the evidence on file if "issues" are not filed prior to that date. COMAR 14.09.01.08.

though issues were mailed on October 5, 1984 in connection with case one they were not received by the Commission until October 9, 1984, the day after the consideration date.[2] The Commission, in both cases, passed an order on November 21, 1984, without a hearing and "based on the evidence in the record". By those orders, appellee was awarded temporary total disability in each case.

By Motion for Reconsideration filed in each case on December 6, 1984, appellant timely moved for rehearing pursuant to Md.Code Ann. art. 101 § 56(e).[3]

---

**2.** Appellant, through its insurance carrier, sought to raise the following issues: "Did the employee sustain an accidental personal injury arising out of and in the course of employment"; "Is the disability of the employee the result of an accidental personal injury arising out of and in the course of employment"; and "Such other and further issues as may be raised at the time of the hearing".

**3.** Section 56(e) provides:

*Motion for rehearing of decision of Commission.*—(i) A motion for a rehearing may be filed within 15 days from the date of the decision of the Commission, only upon grounds of error of law, or newly discovered evidence. In the event that the fifteenth day falls on a day on which the offices of the Commission are legally closed, then the time for the filing of the motion shall be extended until the next day on which the offices of the Commission are legally open. The motion shall be in writing and state the reasons therefor, and shall not be a stay of the decision of the Commission. The Commission may decide the motion without granting a hearing on the motion....

\*       \*       \*       \*       \*       \*

(iii) If a motion for rehearing is filed, the time within which an appeal can be taken from the decision shall commence from the time of ruling by the Commission on the motion or, if the motion is granted, from the time an order is issued pursuant to paragraph (ii) of this subsection....

*See* Md.Code Ann. art. 94 § 2 with respect to the computation of the fifteen day period. It provides:

§ 2. How Computed.

In computing any period of time prescribed or allowed by any applicable statute, the day of the act, event, or default, after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included unless: (1) It is a Sunday or a legal holiday, in which event the period runs until the end of the next day, which is neither a Sunday or a holiday; or, (2) the act to be done is the filing of some paper in court and the office of the clerk of said court on said last day of the period is not open, or is closed for a part of a day, in which event,

Concerning case one appellant acknowledged that appellee's claim was received by its insurance carrier on October 4, 1984, that issues were prepared and mailed on October 5, 1984, and that the issues were not received by the Commission until October 9, 1984. Nevertheless, it urged the vacation of the Commission's November 21, 1984 award and the scheduling of a hearing on compensability because:

The employer has a sincere and meritorious defense to this claim and desire [sic] only an opportunity to be heard consistent with due process. This administrative body is designed to bring about a fair and equitable outcome consistent with administrative efficiency. However, the former purpose is clearly superior to the latter goal—and such is the legislative intent.

As it does here, appellant argued in its motion in case two that it never received notice from the claimant or anyone else until November 28, 1984, when it received, from the Commission, the employee claim form along with the Commission's award. Because of this failure of notice, as it did in case one, appellant sought the vacation of the Commission award and a hearing on the issue of compensability. Appellant did not file with its Motion for Reconsideration any proposed issues to be considered by the Commission.

---

the period runs until the end of the next day which is neither a Sunday, Saturday, a legal holiday, or a day on which the said office is not open the entire day during ordinary business hours. When the period of time allowed is more than seven days, intermediate Sundays and holidays shall be considered as other days; but if the period of time allowed is seven days or less, intermediate Sundays and holidays shall not be counted in computing the period of time. Notwithstanding appellee's assertion in his Opposition To Employer's Motion For Reconsideration that "The motion for reconsideration was not filed as of December 10, 1984, more than the fifteen days after the order of November 21, 1984 as prescribed by art. 101 § 56(e) and is therefore not timely and should not be received," it is apparent that the motion *was* timely filed: the Commission in its order denying the motion to reconsider notes that the motion was dated December 6, 1984. Furthermore, the Commission's records indicate that the motion was filed on that date. Computation of the time from November 21, 1984 to December 6, 1984, excluding the first day of the period and including the last, demonstrates that the motion was timely filed.

Appellant's motions were denied by order dated January 3, 1985, whereupon appellant appealed to the Circuit Court for Prince George's County. Appellant's appeal petitions raised grounds additional to those raised in the motions for rehearing. First, it complained that the Commission improperly denied its motions. In case one appellant represented that it "never received direct notice from the claimant of his alleged injury as required in Art. 101 § 36(5)" [4] and that the claimant did not sign the certification on the claim form. In case two it more specifically alleged that appellee ". . . never gave the required notice as specified in art. 101 § 36(5)" and questioned the ". . . claim's authenticity in signature by claimant". Finally appellant alleged, in both petitions, that the two claims were duplicitous in nature.

Appellee moved, in each case, to dismiss employer's and insurer's appeal. The motions were substantially the same. He contended before the Circuit Court, as he does here,

That inasmuch as the issues of accidental injury, causation and/or notice were never raised in a timely manner or heard before the Workmen's Compensation Commis-

---

4. Art. 101 § 36(5) provides, in pertinent part:
   *Hernia.*—(a) In all claims for compensation for hernia, compensation may be allowed only upon definite proof to the satisfaction of the Commission.
   First. That there was an accidental injury causing hernia, arising out of and in the course of the employee's employment; or that the claimant sustained a hernia resulting from a strain arising out of and in the course of his or her employment.
   Second. That the hernia did not exist prior to the injury or strain for which compensation is claimed; provided that if as the result of an accidental injury, or as the result of a strain, arising out of and in the course of the employee's employment a preexisting hernia becomes so strangulated, incarcerated or becomes so aggravated that an immediate operation is necessary, the provision of this subparagraph requiring proof that hernia did not exist prior to the injury for which compensation is claimed shall not apply.
   Third. That, anything in this article respecting notice to the contrary notwithstanding, such injury or strain was reported to the employer within thirty days next following its occurrence.

sion, they cannot now be raised on appeal for the first time.

The motions were heard by different judges and both were granted, but for different reasons. In case two, which was heard first, the trial court ruled:

> ... I conclude that the employer-insurer was notified properly, that there were no factual issues before the Commission, that [sic] only factual issues may be appealed to this court. In any event, the motion for reconsideration, when filed timely, I conclude on the law even that the Commission acted within their discretionary powers and, accordingly, I will grant the motion to dismiss.[5]

On the other hand, the trial court in case one, by Memorandum and Order, concluded:

> This court finds no exceptional circumstances which would justify a waiver or suspension of the Commission's Rules and Regulations. Obviously, neither did the Commission. Thus in light of the *Accardi* rule,[6] as adopted in Maryland, through the case of *Hopkins v. Maryland Inmate Grievance Commission*, 40 Md.App. 329 [391 A.2d 1213] (1978), this court can find no reason to continue with proceedings in this appeal. This is particularly so because the scope of review on appeal "is limited to the issues raised and decided, explicitly or implicitly by the Commission". *Altman v. Safeway Stores*, 52 Md.App. 564, 566–567 [451 A.2d 156] (1982). As stated previously, the only issues before the Commission are those filed by the claimant and this Court finds no error on the part of the Commission for its decision based on the evidence before it.

---

**5.** A close reading of the court's ruling may lead to the conclusion that the court implictly found that the motion for reconsideration was not filed timely. In any event, such a finding could be no more than an alternative basis for the ruling; thus, not necessarily germaine to this appeal.

**6.** This reference is to *U.S. ex rel. Accardi v. Shaughnessy,* 347 U.S. 260, 74 S.Ct. 499, 98 L.Ed. 681 (1954).

Appellant appealed from the judgments thus entered, and those appeals were consolidated in this Court. Although three issues are presented for our resolution, we need only consider one:

1. Whether the trial court erred in applying an abuse of discretion standard or a substantial evidence standard in determining whether the employer was entitled to appeal the decision of the Workmen's Compensation Commission and in denying employer *de novo* review?

In addition, appellee has moved to dismiss appellant's appeal or to strike argument 3 in appellant's brief.

On its part, appellant has moved to strike a portion of appellee's brief as referring to proceedings and facts outside the record and as being "highly prejudicial to appellants and cannot be rebutted without reference to facts which are outside the record".

Before addressing the merits, we will dispose of the pending motions.

### Motion to Dismiss/Motion to Strike

The basis of appellee's motion to dismiss or strike is his contention that appellant failed to include a statement of facts in its brief as required by Md. Rule 1031 c. and that, as to case one, appellant failed to raise before the circuit court the issue that it did not receive a notice of hernia claim.

It is correct that appellant's brief does not contain a statement of facts as required by Md. Rule 1031 c., a fact that appellant concedes. Appellant argues, however, that a sufficient statement of facts is subsumed in its Statement of the Case. It therefore concludes that the omission should not be fatal to the disposition of the appeals on the merits.

Md. Rule 1031 c. 4. provides:

The brief of the appellant shall contain in the order here indicated: ....

4. Statement of facts.

A clear concise statement of the facts material to the determination of the questions presented. If there is any dispute with regard to any of the facts asserted by appellant, on a possibility of such a dispute, the appellant shall so state. Reference shall be made to the pages of the record or the transcript of the testimony as contained in the record supporting his assertions.

Failure to comply with any section of Rule 1031 may result in dismissal of the appeal or any other appropriate order with respect to the case. Md.Rule 1031f.

■ While dismissal may be an appropriate sanction, whether to employ it is a matter left to the exercise of this Court's discretion. *Ebert v. Ritchey*, 54 Md.App. 388, 393, 458 A.2d 891 (1983), *City of Baltimore v. Bowen*, 54 Md. App. 375, 381 n. 3, 458 A.2d 1242 (1983). When the violations are not substantial,[7] a motion to dismiss will be denied. *Ebert v. Ritchey, supra*, 54 Md.App. at 393, 458 A.2d 891.

■ In the case *sub judice*, because appellant's statement of the case contains those facts material to the resolution of the questions presented on appeal, and further contains citations to the record as required by the rule, we conclude that appellant's failure to include a statement of facts is not a substantial violation. Therefore, we deny appellant's motion. We hasten to add, however, that ommission of a statement of facts is not condoned.

■ We likewise deny appellee's motion to strike appellant's third argument. Although appellant did not argue in the circuit court that it never received notice of hernia claim pursuant to Art. 101, § 36(5), its appeal petition clearly presented the issue, which, given the reason for the court's decision, did not have to be decided.

■ Turning to appellant's motion to strike, we conclude that it too should be denied. While it is true that appellee

---

7. In *Hepple v. State*, 31 Md.App. 525, 531 n. 3, 358 A.2d 283 (1976), this Court defined substantial as "considerable in importance, value, degree, amount or extent".

did refer to proceedings and matters outside the record it must be noted that appellant raised the issue in the first instance, when on page 11 of its brief, discussing the "minimal impact on the claimant" of *de novo* review, it asserted: "... during the pendency of these appeals, the Commission's awards are not stayed and any benefits paid to the claimant will not be recoupable in the event that the Commission's awards are reversed on appeal."[8] This assertion prompted appellee's response, which, in the context of this case, we find justified.

### The Merits

■ Art. 101 § 56(a) provides, in pertinent part:
Any employer, employee, beneficiary or person feeling aggrieved by any decision of the Commission affecting his interest under this article, may have the same reviewed by a proceeding in the nature of an appeal and initiated in the circuit court of the county having jurisdiction ... and the court shall determine whether the Commission has justly considered all the facts concerning the injury, whether it has exceeded the powers granted it by the article, and whether it has misconstrued the law and facts applicable in the case decided.... If the court shall determine that the Commission has acted within its powers and has correctly construed the law and facts, the decision of the Commission shall be confirmed; otherwise it shall be reversed, modified, or remanded to the Commission for further proceedings....

Reference to the express provisions of this section makes evident the legislative "intention that the Commission shall

---

8. In his response, appellee charged that "... in both of these appeals, the Appellants completely ignored the statutory directive of Article 101, Section 56 requiring the Employer/Insurer to pay benefits during the pendency of their appeal of an Order awarding benefits to a Claimant" and that "benefits ... were not wrestled out of the Appellants until ... eleven (11) months after the award of compensation .... and only after a bad faith action had been filed! *Sager v. Estep's Electrical & Petroleum Company*, (Civil Action No. 85–7406, Prince George's Circuit Court)!" This issue was not before the circuit court.

make the initial decision on all compensation questions."
*Trojan Boat Company v. Bolton,* 11 Md.App. 665, 672–73,
276 A.2d 413 (1971). *See Cabell Concrete Block Co. v.
Yarborough,* 192 Md. 360, 369, 64 A.2d 292 (1949); *Bethle-
hem Steel Company v. Mayo,* 168 Md. 410, 416, 177 A. 910
(1935); *McCulloh & Company v. Restivo,* 152 Md. 60, 67,
136 A. 54 (1927). This is particularly true since the stan-
dard of review of the decision of the Workmen's Compensa-
tion Commission shall be by way of trial *de novo. Mary-
land Bureau of Mines v. Powers,* 258 Md. 379, 382, 265
A.2d 860 (1970); *Abell v. Goetze, Inc.,* 245 Md. 433, 437, 226
A.2d 253 (1967); *Richardson v. Home Mutual Life Insur-
ance Company,* 235 Md. 252, 255, 201 A.2d 340 (1964);
*Glidden-Durkee (SCM) Corp. v. Mobay Chemical Corp.,* 61
Md.App. 583, 596–97, 487 A.2d 1196 (1985); *Eygpt Farms,
Inc. v. Lepley,* 49 Md.App. 171, 176, 430 A.2d 122 (1981);
*Montgomery Ward & Company v. Bell,* 46 Md.App. 37, 41,
415 A.2d 636 (1980). And because the parties are free to
adduce evidence additional to that produced before the
Commission, *Glidden-Durkee, supra,* it is necessary that
the issues on which such evidence is permitted have been
passed upon by the Commission. *Miller v. McGraw Com-
pany,* 184 Md. 529, 542–43, 42 A.2d 237 (1945); *Meyler v.
Mayor of Baltimore,* 179 Md. 211, 219, 17 A.2d 762 (1941).

■ Thus, on an appeal from an order of the Workmen's
Compensation Commission, a circuit court "is jurisdictional-
ly limited to a review of the issues raised and decided, by
the Commission explicitly or implicitly, and to such relevant
matters on which there was evidence before the Commis-
sion". *Altman v. Safeway Stores, Inc.,* 52 Md.App. 564,
566, 451 A.2d 156 (1982). *See Saylor v. Black & Decker
Mfg. Co.,* 258 Md. 605, 610–11, 267 A.2d 81 (1970); *Press-
man v. Accident Fund,* 246 Md. 406, 415–16, 228 A.2d 443
(1967); *Richardson v. Home Mutual, supra,* 235 Md. at
255, 201 A.2d 340; *Trojan Boat Company v. Bolton,
supra,* 11 Md.App. at 670, 276 A.2d 413. "However, the
rule that no issue of fact can be submitted on appeal where
the record does not show that the question involved was

before the Commission does not mean that a formal issue, specifically directed to the question, must be presented first to the Commission, but means merely that there must have been at least evidence before the Commission which would give it the opportunity to pass upon the question." *Cabell Con. Blk. Co. v. Yarborough, supra,* 192 Md. at 369, 64 A.2d 292. And when the Commission has decided a case on the issues raised by only one party, so long as there is no attempt to bypass deliberately the Commission, an appeal on a *de novo* basis by the party who did not file issues will lie as to the issues thus decided. *Oxford Cabinet Company v. Parks,* 179 Md. 680, 683–84, 22 A.2d 481 (1941). *Cf. Hathcock v. Loftin,* 179 Md. 676, 678, 22 A.2d 479 (1941) (a claimant who, after filing a claim with the Commission, refused to present evidence to support it before the Commission is not entitled to present evidence on appeal.) *See also Roadway Express, Inc. v. Gray,* 40 Md.App. 66, 72, 389 A.2d 407 (1978) (an employer's claim of meritorious defenses "... are, however, matters of defense which were available to the employer *had he exercised his right to raise issues prior to the consideration date, or his right to request a hearing, or his right to appeal and have the case heard de novo....*") (emphasis added).

▪ *Oxford Cabinet Company v. Parks, supra,* is directly apposite to the case *sub judice.* There, the State Industrial Accident Commission, predecessor of the Commission, in its notice of a claim filed, advised the employer that it would, in the absence of a request for a hearing or adjournment granted by the Commission by a specified date, make an award, on the consideration date, based upon the evidence in the file. Although it received adequate notice, the employer neither appeared before the Commission nor requested a hearing and the Commission passed an award granting benefits to the claimant. The employer, simultaneously, appealed to the circuit court and filed, with the Commission, a petition to reopen. The petition to reopen was denied "[p]robably on the grounds that when the appeal was entered, [the Commission] had no jurisdiction."

*Id.* 179 Md. at 682, 22 A.2d 481. On appeal, the employer submitted issues of fact to be presented to the jury and the claimant moved to dismiss the appeal. After a hearing and although the trial judge found no evidence of bad faith on the part of the employer, claimant's motion was granted and the appeal dismissed.

The Court of Appeals reversed. Acknowledging that the Commission was the "tribunal of first instance" and that an attempt to circumvent its jurisdiction should not be permitted, the Court found it "apparent in the instant case that no effort was made to circumvent the State Industrial Accident Commission for the purpose of trying the case originally before a court and jury ... There was evidently a misunderstanding and a mistake as to who was to represent The Oxford Cabinet Company before the Commission." *Id.* at 683, 22 A.2d 481. Explaining its reasons for allowing the appeal, the court said:

> This court said in the case of *United States F & G Co. v. Taylor,* 136 Md. 545, at page 549, 110 A. 883, at page 885 [1920]: "It further appears that no hearing was asked before the Commission, either by the Robert Ramsay Company, or the insurance carrier, nor did either appeal from the award made, to the court as they had the right to do under the provisions of the Workmen's Compensation Act". This was later quoted in the case *Taylor v. Robert Ramsay Co., et al,* 139 Md. 113, at page 115, 114 A. 830 [1921]. It was said in the case of *Williams v. Williams,* 7 Gill 302, at 304 [1848]: "Very sound reasons should be required to induce the court to refuse a party the benefit of an appeal; and any interference with the right, wherever it exists, must be upon strong grounds and a clear manifestation on the part of the legislature, that they designed to withdraw it." This court decided in the case of *Frazier v. Leas,* 127 Md. 572, at page 576, 96 A. 764 [1916], at page 765: "The Act secures to the party appealing the right to a jury trial, and the right to have 'any question of fact involved in the case' submitted to the jury. The court is empowered to confirm, reverse, or

modify the decision of the Commission, and it is provided that in the proceedings on appeal 'full opportunity to be heard shall be had before judgment is pronounced.' There is no provision in the act which attempts to confine or limit the trial to the testimony taken before the Commission." *Bethlehem Corp. v. Simmons*, 143 Md. 506, at page 509, 122 A. 678 [1923]; *Savage Mfg. Company v. Magne*, 154 Md. 46, at page 51, 139 A. 570 [1927]; *Schemmel v. T.B. Gatch & Sons C. & B. Co.* 164 Md. 671, at page 674, 166 A. 39 [1933].

*Id.,* 179 Md. at 686, 22 A.2d 481. Significantly, in discussing the issues to be submitted to the jury, the Court very explicitly pointed out:

The appellant in the instant case petitioned the court below originally to submit five issues to the jury. In the motion to dismiss the appeal the claimant excepted to each and all of the five issues at that time filed and specially excepted to three of these for the specific reason that such issues were not raised and considered in the first instance before the State Industrial Accident Commission. Appellee therefore apparently concedes that at least two issues were raised or considered by the Commission.

*Id.* 179 Md. at 685–86, 22 A.2d 481. Turning to the instant case, it is apparent that by passing the orders which are the subject of these appeals, the Commission of necessity decided that the hernia was an injury arising out of and in the course of employment, *see* Md.Code Ann. art. 101, § 15, and 101, § 36(5), and the nature and extent of appellee's disability. These issues were of course raised by appellee's claims. *See* Md.Code Ann. art. 101 § 56(e). Moreover, given the special notice provisions respecting hernia claims, *Lloyd v. Webster*, 165 Md. 574, 576, 169 A. 202 (1933), the Commission may have implicitly decided that the requirement for notice of hernia claims had been met. *See Trojan Boat Company v. Bolton, supra*, 11 Md.App. at 671, 276 A.2d 413; *Cabell Con. Blk. Co. v. Yarborough, supra*, 192 Md. at 371, 64 A.2d 292. We infer that there was sufficient

evidence in the file to support the Commission's findings. *See Oxford Cabinet Company v. Parks,* 179 Md. at 685, 22 A.2d 481; *Thomas v. Pennsylvania Railroad Co.,* 162 Md. 509, 514, 160 A. 793 (1932).

The trial court found that appellant had received adequate notice of the claims, however, such a finding is not tantamount to finding that appellant sought to circumvent the original jurisdiction of the Commission. *See Oxford Cabinet Company v. Parks, supra.* In point of fact, no matter how one might view appellant's contentions concerning the receipt of notice,[9] appellant's actions subsequent to receipt of the awards clearly indicate a purpose and intent to proceed initially before the Commission rather than in the Circuit Court before a jury. It filed, on a timely basis, motions for rehearing in both cases and proffered reasons which it felt justified such rehearing. Only after those motions were denied did appellant appeal to the circuit court. The justification for allowing the appeal is stronger in this case than it was in *Oxford Cabinet Company v. Parks, supra.*

Appellee's reliance on *Altman v. Safeway Stores, Inc., supra* and *Trojan Boat Company v. Bolton, supra,* for the proposition that issues that were neither raised nor decided before the Commission cannot be heard for the first time on appeal in circuit court is misplaced and evidences a misunderstanding of the holdings of those cases. In *Altman* the

---

**9.** There is some evidence in the joint record extract which would indicate that appellant might have received notice of case one prior to the consideration date. The evidence consists of a letter from appellee's counsel to counsel for appellant referring to the date of the injury in case two, however, that letter also listed case one's claim number. Appellant's argument is that it was misled by reference to the date of injury, an injury of which it had and, concedes it had, notice. One might conclude that appellant was under a duty to check the records of the Commission to ensure that the same claim of which it had notice was being referred to. It should be pointed out further that the letter to which appellee's counsel responded is not in the joint record extract. Consequently, there is no way of determining to which case that letter referred.

appeal of the Commission's decision was avoided by settlement prior to hearing. Because settlements of Workmen's Compensation claims are in the exclusive jurisdiction of the Commission, the issue before the court was whether the court had "authority ... to entertain [a settlement] ... or to force a reluctant party to participate in a settlement which the Commission had not approved." (emphasis in the original) *Id.* 52 Md.App. at 571, 451 A.2d 156. It was in this context that this court reiterated the principle that issues neither raised nor decided below could not be raised for the first time on appeal. Similarly, in *Trojan Boat* this Court was concerned with the question, whether a trial court could consider and decide issues rendered moot by a decision of the Commission which had been overturned on appeal. Finding that the trial court had no authority to decide the issue in the first instance, we once again reiterated the oft-recited principle that the court could only decide issues on appeal which had been raised and decided either implicitly or explicitly by the Commission. In both cases, it was clear that the issue before the court had not been decided by the Commission. This is not the case here.

Appellee assumes that appellant's right to appeal is dependent upon an appellant's raising of issues before the Commission. The statute and the cases make clear that the standard of review on appeal relates to issues that were raised and decided on appeal, and not to who raises them. When a claim is made and the Commission passes an award, the Commission, of necessity, has had presented to it, and has decided, implicitly or explicitly, those issues relevant and pertinent to that claim. It makes no difference that the issues were raised by the claimant.

We conclude that the Circuit Court for Prince George's County erred in dismissing appellant's appeals. Therefore, we will reverse and remand to that court for further proceedings. It is unnecessary that we consider the remaining issues raised on this appeal.

JUDGMENTS REVERSED; REMANDED TO THE CIR-
CUIT COURT FOR PRINCE GEORGE'S COUNTY FOR
FURTHER PROCEEDINGS CONSISTENT WITH THIS
OPINION.

COSTS TO BE PAID BY APPELLEE.